UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-10029-GAO

JOHN BRENNAN, KATHERINE FRITTS, MAXX HOCKENBERRY, and CASEY GOSPODAREK,
Plaintiffs,

v.

THE BOSTON BEER COMPANY, INC.,
Defendant.

OPINION AND ORDER
January 8, 2025

O'TOOLE, D.J.

The plaintiffs in this action are four former sales employees of Boston Beer Company, Inc., a Massachusetts corporation in the business of brewing and marketing a line of beers, ales, ciders, and malt beverages. Each of them was required to sign a one-year noncompetition agreement as a condition of employment at Boston Beer. They challenge the enforceability of these noncompetition agreements. Ms. Gospodarek is the only plaintiff still subject to the noncompetition agreement, so she alone now seeks a preliminary injunction enjoining Boston Beer from enforcing that agreement.

A plaintiff seeking a preliminary injunction must establish four familiar elements: (1) likelihood of success on the merits, (2) likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in plaintiff's favor, and (4) an injunction is consistent with the public interest. Together Emps. v. Mass. Gen. Brigham Inc., 32 F.4th 82, 85 (1st Cir. 2022) (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). The burden is on the

moving party to establish each of these elements. Bray v. Worcester Polytechnic Inst., 540 F. Supp. 3d 94, 100 (D. Mass. 2021).

Ms. Gospodarek has failed to establish the second element, a likelihood of irreparable harm, and accordingly this order only discusses that part of the test. See Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151, 162–63 (1st Cir. 2004) (foregoing analysis of the other three elements of the preliminary injunction standard when the movant failed to establish irreparable harm).

A plaintiff must typically show irreparable harm before a court will grant a preliminary injunction. See id. at 163 (affirming denial of a preliminary injunction on the basis that movant failed to show irreparable harm); see also González-Droz v. González-Colon, 573 F.3d 75, 80 (1st Cir. 2009) (same). Irreparable harm is difficult to establish if the movant has an adequate remedy at law, such as the availability of sufficient monetary damages. See, e.g., Together Emps. v. Mass. Gen. Brigham Inc., 19 F.4th 1, 7–8 (1st Cir. 2021) ("Because adequate legal remedies foreclose injunctive relief, the appellants cannot demonstrate irreparable harm without showing that they have inadequate remedies at law."); K-Mart Corp. v. Oriental Plaza, Inc., 875 F.2d 907, 914 (1st Cir. 1989) ("[I]f money damages will fully alleviate harm, then the harm cannot be said to be irreparable."); La Simple Co., Ltd. v. SLP Enterprises, LLC, No. CV 21-10058-LTS, 2021 WL 1648762, at *4 (D. Mass. Apr. 27, 2021) (stating that irreparable harm requires movant to point to a "substantial injury that is not accurately measurable or adequately compensable by money damages").

Loss of income and the inability to make a living are quintessential pocketbook injuries that money damages can remedy if and when Ms. Gospodarek prevails on the merits of her case. See Together Employees, 32 F. 4th at 86. Further, Ms. Gospodarek's contention that she will suffer

reputational harm also fails. While reputational harm may sometimes satisfy the irreparable injury requirement, see Allstate Ins. Co. v. OneBeacon Am. Ins. Co., 989 F. Supp. 2d 143, 149 (D. Mass. 2013), it does not in this case because any harm Ms. Gospodarek faces is readily calculable. See Allscripts Healthcare, LLC v. DR/Decision Res., LLC, 386 F. Supp. 3d 89, 95 (D. Mass. 2019) (finding no irreparable reputational harm because the injury was monetary and calculable). In fact, Ms. Gospodarek calculates the monetary value of the potential reputational harm in her own memorandum when she states that Boston Beer should pay her fifty percent of her annual base salary, or roughly $34,000, in exchange for enforcing the noncompetition agreement and as recompense for the reputational harms that result from being required to sit out of the beverage industry for a year. (Pl.'s Mem. Supp. TRO and Prelim. Inj. 11 (dkt. no. 23).)

It is worth mentioning that Ms. Gospodarek filed her initial complaint on March 29, 2024, yet waited nearly three months to move for an "emergency" temporary restraining order and/or preliminary injunction. That delay undercuts her argument that she faces irreparable harm absent injunctive relief. See Charlesbank, 370 F.3d at 163 (finding that a "delay between the institution of an action and the filing of a motion for preliminary injunction, not attributable to intervening events, detracts from the movant's claim of irreparable harm"); La Simple Co., Ltd., 2021 WL 1648762, at *8 (stating that asking for a preliminary injunction two months after filing a complaint detracted from the claim of irreparable harm).

For the foregoing reasons, the Motion For Emergency Temporary Restraining Order and Preliminary Injunction (dkt. no. 22) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge